UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| RICHARD A. RENTERIA,<br><br>    Petitioner,<br><br>v.<br><br>JOSEPH K. WOODRING, Warden,<br><br>    Respondent. | No. EDCV 08-747-VBK<br><br>MEMORANDUM OPINION, AND ORDER THEREON |

This matter is before the Court on Respondent's Motion to Dismiss. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned.

On June 4, 2008, Richard Renteria (hereinafter referred to as "Petitioner") filed a document entitled "Petition for Credit Early Release Successful Completion of Residential Drug and Alcohol Treatment Program" in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 2241 ("Petition"). On July 9, 2008, Respondent filed a "Motion to Dismiss Petition for Writ of Habeas Corpus For Failure to Exhaust Administrative Remedies and Declaration of Eliezer Ben-Shmuel" ("MTD"). Respondent attached

Exhibits in support of the MTD. On July 9, 2008, this Court issued a Minute Order directing Petitioner to file an Opposition or Statement of Non-Opposition to the MTD within 30 days. Petitioner has not filed an Opposition or Statement of Non-Opposition as of the date of this Memorandum Opinion and Order.

After reviewing the matter, the Court concludes that the MTD must be granted, and this matter be dismissed.

## BACKGROUND

Petitioner is currently incarcerated in the Federal Correctional Institution at Terminal Island, California. (Declaration of Eliezer Ben-Shmuel ["Ben-Shmuel Dec."], ¶ 4, Exhibit ["Ex."] A.) On June 4, 2008, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 claiming that the Bureau of Prisons ("BOP") has unlawfully denied him a sentence reduction for participation in the Residential Drug Abuse Treatment Program ("RDAP").

Petitioner pleaded guilty to 21 U.S.C. §§841(a)(1) and 846(b)(2)(D) (distribution or possession with intent to distribute a controlled substance), and 21 U.S.C. § 846 (conspiracy to possess with intent to distribute) in the United States District Court for the Eastern District of California. (Petition at 2; Ben-Shmuel Dec. ¶ 4, Ex. A at 2). On September 11, 2006, United States District Judge Wanger sentenced Petitioner to 37 months imprisonment, with 5 years supervised release. (Petition at 2; Ben Shmuel Dec. ¶ 4, Ex. A at 2.) Petitioner's projected date for release through good-conduct credit is May 9, 2009. (Ben Shmuel Dec. ¶ 4, Ex. A at 1).

**DISCUSSION**

**A.  Standard of Review.**

A writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. §2241. A writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Petitioner's claim is proper under 28 U.S.C. §2241 because it concerns the manner, location or conditions of the execution of Petitioner's sentence and not the fact of Petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. §2241").

**B.  Petitioner Has Failed To Fully Exhaust His Administrative Remedies.**

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. §2241 ordinarily must first exhaust available federal administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986). Because the exhaustion requirement is not a statutory requirement but a judicial creation, "the District Court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990) (citing, inter alia, Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)).

In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert form; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of an administrative proceeding."

The BOP has established an administrative remedy program governing prisoner complaints, which is set forth at 28 C.F.R. § 542.10 et seq. See also Ben-Shmuel Dec. ¶ 5. First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a request for administrative remedy. 28 C.F.R. § 542.13. If dissatisfied with the response, the prisoner may proceed with the formal filing of an administrative remedy request on a BP-9 form. 28 C.F.R. § 542.14. Upon denial by the institution, the prisoner may appeal the decision by filing a BP-10 Appeal with the Regional Director of the BOP. 28 C.F.R. § 542.15. The Regional Director's decision can then be appealed by submitting a BP-11 Appeal to the BOP General Counsel in Washington, D.C., which constitutes the final step in the administrative remedy process. Id. A BP-11 Appeal must contain only issues raised at every lower level of the administrative remedy process. Id. Although the procedure sets forth deadlines at each step of the administrative remedy program, extensions in filing time may be granted. 28 C.F.R. §§ 542.14(b); 542.15(a).

1  Here, Respondent has submitted BOP records that show Petitioner
2  has failed to exhaust his administrative remedies with respect to the
3  issues raised in the Petition. (Ben-Shmuel Dec. ¶¶ 6, 8; Ex. B.)
4  Although Petitioner attaches to the Petition two "Inmate Request to
5  Staff" forms as exhibits, these do not constitute exhaustion of
6  administrative remedies. (Ben-Shmuel Dec. ¶ 6).

7  Both forms were submitted to Dr. Holly Ihle, Director of the
8  RDAP. (Petition, Exs. 2, 4). An "Inmate Request to Staff" form
9  represents an attempt at a BP-8 informal resolution, which is only the
10 first step in the four-step administrative remedy process. (Ben-
11 Shmuel Dec. ¶ 6.) Petitioner has failed to file any formal
12 administrative requests regarding the issues raised in the Petition at
13 the BP-9, BP-10, or BP-11 level. (Ben-Shmuel Dec. ¶ 8,9). Thus,
14 Petitioner's "Inmate Request to Staff" forms do not constitute proper
15 exhaustion of his administrative remedies.

16 As such, Petitioner has failed to exhaust his administrative
17 remedies with the BOP concerning the RDAP early release issue raised
18 in the Petition. As Petitioner has not yet begun the formal
19 administrative remedy process, all the levels of the administrative
20 remedy process remain open to him. (Ben-Shmuel Dec. ¶ 9).

21 Although failure to exhaust administrative remedies may be
22 excused where such remedies would be futile, where the agency's
23 actions "clearly and unambiguously" violated statutory or
24 constitutional rights, or where the administrative procedure is
25 clearly shown to be inadequate to prevent irreparable injury, <u>Terrell</u>
26 <u>v. Brewer</u>, 935 F.2d 1015, 1019 (9th Cir. 1991), none of these
27 exceptions appears to apply here. Furthermore, Petitioner failed to
28 file an Opposition to the MTD, nor did he provide any explanation in

5

his Petition as to why he did not pursue his administrative remedies at the BP-9, BP-10, or BP-11 stages. In particular, Petitioner has not alleged that the BOP could not provide him with the relief he seeks.

Based on the foregoing, Respondent's Motion to Dismiss is granted, and the Petition is dismissed without prejudice for failure to exhaust administrative remedies.

DATED: 10-6-2008

VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE